IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ELIJAH COLEMAN, #250 079                 \*

    Plaintiff,                                     \*

     v.                                       \*           2:07-CV-535-ID
                                                                     (WO)

STEPHEN F. BOUDREAU, M.D.,          \*
*et al.*,
    Defendants.                              \*

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the William E. Donaldson Correctional Facility in Bessemer, Alabama, filed this 42 U.S.C. § 1983 action on June 18, 2007. He complains that his constitutional rights were violated when he was subjected to an illegal arrest and detention in January 2005. Plaintiff also seeks to challenge matters related to the criminal court proceedings which arose from his January 2005 arrest.

Plaintiff brings this complaint for damages against Dr. Stephen Boudreau – Medical Examiner; the Honorable Burt Smithart; Agent Tim Rodgers – Alabama Bureau of Investigation; Ben Reeves, Jr. – Assistant District Attorney for Bullock County, Alabama; Wilbert Jernigan – Clerk for the Bullock County Circuit Court; Paul Brunson, Jr. – public defense counsel; Sheriff Raymond Rodgers; and Sgt. Kenneth Johnson. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is

appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. Claims Barred by the Statute of Limitations*

Plaintiff asserts that he was arrested on January 10, 2005 and charged with murder on January 21, 2005. According to Plaintiff's complaint, Defendant Jernigan issued a fabricated, "gutless warrant/search" against him, Defendant Rodgers ordered his detention before a body was found, and Defendants Johnson and Rodgers failed to read him his *Miranda* rights. On January 12, 2005, Plaintiff contends that agents with the Alabama Bureau of Investigation fabricated a "shooting theory" after finding shell casings and blood in the back of his truck. After the victim's body was found, on January 13, 2005, Plaintiff maintains that Defendants Sheriff Rodgers, Johnson, Reeves, and Agent Rodgers jailed him on fabricated charges based on false findings and information provided by Defendant Boudreau. (Doc. No. 1 and attachment.)

It is clear from the face of the complaint that the claims Plaintiff lodges against Defendants with regard to matters which occurred in January 2005 are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> 1409 (11th Cir. 1985). Selection of a limitations period for §
> 1983 actions changed several times [between 1985 and 1989].
> Alabama law, however, provides that the applicable limitations
> period is the one in effect when the claim is filed, not when the
> cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399
> So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983
> claims were subject to a two year limitations period at that time.
> *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th
> Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The allegedly unconstitutional actions occurred in January 2005. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the applicable statute of limitations expired on the claims related to Plaintiff's January 2005 alleged illegal detention and arrest in January 2007. As previously noted, Plaintiff filed the instant complaint on June 18, 2007. This filing occurred ***after*** the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as

an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred in January 2005 as he filed this cause of action more than two (2) years after the violations which form the

4

basis of those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Plaintiff's challenges to the actions of Defendants with respect to matters which occurred in January 2005 are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. The Perjured Testimony Claim*

Plaintiff complains that Defendants Boudreau, Agent Rodgers, and Johnson denied him a fair trial by lying under oath and/or testifying about false or fabricated evidence. Plaintiff's perjury claim provides no basis for relief in this court.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses – police officers as well as lay witnesses – are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id.* at 327, n. 1. Thus, Plaintiff's perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*C. Claims Against Judge Burt Smithart*

Plaintiff argues that Judge Smithart violated his constitutional rights during the criminal proceedings related to Plaintiff's conviction for murder. Specifically, Plaintiff argues that Judge Smithart allowed introduction of irrelevant, false, and or perjured testimony and ignored Plaintiff's complaints that trial counsel was ineffective. Plaintiff further complains that Judge Smithart was biased and claims that he ignored Plaintiff's motions for "appointment of [a] less lazy attorney." (Doc. No. 1 and attachment.) The claims against Judge Smithart entitle Plaintiff to no relief in this cause of action.

    1. The Request for Monetary Damages. It is clear that all of the allegations made by Plaintiff against Judge Smithart emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Stump*, 386 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). Accordingly, Plaintiff's claims for monetary damages against Judge Smithart are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

    2. The Request for Declaratory Relief. To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judge Smithart in the state criminal proceedings over which

this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for declaratory relief with respect to actions undertaken by Judge Smithart during proceedings

related to Plaintiff's conviction for murder is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*D.  Claims Against Assistant District Attorney Ben Reeves, Jr.*

Plaintiff challenges Defendant Reeves' conduct in initiating and prosecuting a charge of murder against him. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is

>> absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Reeves arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Reeves is, therefore, "entitled to absolute immunity for that conduct." *Id*. Thus, Plaintiff's request for damages against Defendant Reeves lacks an arguable basis and is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327. As previously determined, Plaintiff is entitled to no declaratory or injunctive relief for any adverse action taken during the state court proceedings related to his conviction before the Circuit Court of Bullock County, Alabama.

*E. Claims Against Defense Counsel Paul Brunson, Jr.*

Plaintiff complains that Paul Brunson, Jr., the attorney appointed to represent him on the Bullock County murder conviction, provided ineffective assistance of counsel during the criminal court proceedings. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim

for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant Brunson are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Such claims are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

F.  *The Request to File Criminal Charges*

Plaintiff requests that criminal charges be filed against Defendants for conspiracy, kidnapping, perjury, and fabrication of evidence. Plaintiff does not have a constitutional right to see his alleged persecutors punished for their conduct, nor, as a private citizen, can he commence criminal proceedings on his own. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83 (1981) (same); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizens have no right to institute criminal prosecutions in federal court); *United States v. Panza*, 381 F. Supp 1133 (W.D. Pa.

1974) (same). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Such decision is not generally subject to judicial review. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977). Consequently, Plaintiff's request that criminal charges be initiated against Defendants is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke* 490 U.S. at 325.

*G. The Property Claim*

Plaintiff complains that property stolen after his arrest was never returned. Insofar as Plaintiff's allegations about the loss of his property is concerned, in this situation all the Due Process clause requires is the availability of an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. Ala. Code § 41-9-60, *et seq*.

*H. The Challenge to Plaintiff's Conviction*

Plaintiff's complaint indicates that he seeks to attack the validity of the murder conviction imposed upon him by the Circuit Court for Bullock County, Alabama. Specifically, Plaintiff maintains that counsel provided him ineffective assistance, that the trial judge exhibited bias, that perjured testimony and false or fabricated evidence was introduced during trial, that the evidence was insufficient to sustain his conviction, and that pre-trial publicity denied him the ability to receive a fair trial. (Doc. No. 1 and attachment.)

This claim may not proceed in a § 1983 action. This claim goes to the fundamental legality of Plaintiff's confinement, and, consequently, provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such

as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his murder conviction. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the murder conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred in January 2005 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

2. The § 1983 claims presented against Judge Burt Smithart, Paul Brunson, Jr., and

Ben Reeves, Jr., be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

3. Plaintiff's perjury and property claims and his request to press criminal charges be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4. Plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court for Bullock County, Alabama be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

5. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **August 13, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of July, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE